

# United States District Court
## Northern District of Alabama
### Western Division

| | |
|---|---|
| William L. Montgomery, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-02-N-1843-W |
| United States Postal Service, John E. Potter, Postmaster General in his official capacity, | ] |
| Defendant(s). | ] |

### Memorandum of Opinion

ENTERED
JAN 1 3 2003

## I. Introduction

The court has for its submission, the motion for summary judgment from Defendant John E. Potter, Postmaster General, by and through the U.S. Attorney for the Northern District of Alabama, ("USPS"), filed October 25, 2002 (Doc. # 5). Plaintiff William Montgomery ("Montgomery") brings suit pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633(a) ("ADEA") and alleges that the defendant engaged in discriminatory hiring practices when it declined to hire him as a postal carrier. The plaintiff represents himself pro se. The issues have been briefed by both parties and are now ripe for review. Upon due consideration of the relevant statutes, regulations, caselaw and arguments from both parties, the court finds that the motion is due to be granted.



## II.     Statement of Facts

Plaintiff applied for a position as a postal carrier in October of 1994; he was 42 years old at the time. He was then placed on the clerk/city carrier registers for the cities where he most wanted to work. The defendant notifies candidates when positions are available through a "call-in" procedure. When a position becomes available, the defendant sends a two-page document to the applicant listing available positions. If the job applicant is not interested in the position he mails back a statement of declination, and if he is interested shows up for the interview. Should the plaintiff fail to return the declination statement and not show up for the interview, the plaintiff's name is removed from the list of eligibles for the register.

Between October of 1994 and November of 1998, Plaintiff remained on the register and responded to 11 call-in notices. On November 25, 1998, he was called-in for an interview for a position with the Northport, Alabama, Post Office. Plaintiff went to the interview, but upon his arrival, he was informed that the job had been offered to another applicant. After November 25, 1998, the call-in letters ceased, though he remained on the qualified applicant list for the next three years. In September 1999, Plaintiff wrote a letter of inquiry to USPS, requesting to be informed of his status on all USPS registers. In November, USPS issued a written response which Plaintiff alleges contains numerous inaccuracies, fraudulent documents, and information about his removal from registers which was not made known to him. (Complaint ¶ 12).

On December 4, 2000, Plaintiff complained in writing to the USPS's Equal Employment Opportunity Manager about age discrimination in hiring. On February 12, 2001,

a mediation was held regarding Plaintiff's complaint. The mediation failed, and on March 8, 2001, Defendant provided Plaintiff with a "Final Interview" notice and "Individual Complaint" forms including a form entitled "Notice of Right to File Individual Complaint" which bore the statement: "If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received." (Doc. #10, Pl. Exh. #1Z). Plaintiff then filed a timely official USPS Individual Complaint form. On May 31, 2001, the defendant dismissed the complaint because he had not met with an EEO counselor within 45 days of the acts he claimed were discriminatory. Plaintiff appealed the dismissal to the Equal Employment Opportunity Commission (EEOC), and on January 10, 2002, the EEOC affirmed the Postal Service's dismissal of Plaintiff's complaint. Plaintiff then requested reconsideration of the EEOC's decision, and, on May 3, 2002, the EEOC denied his request for reconsideration.

## III.  Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no

genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

## IV.  Discussion

Enforcement procedures against federal employers for alleged discrimination are dramatically different from those in the private sector. When the employer is a federal agency, the federal agency takes and investigates the complaint of discrimination and ultimately renders a final decision on the complaint. The first involvement of the EEOC is through its administrative judges who serve as neutral fact-finders if the federal complainant requests a hearing prior to the agency's final decision. *See* 29 C.F.R. Part 1614 *et seq.*

Pursuant to regulations enacted by the EEOC, a federal employee must contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in

the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 2614.105(a). Failure to file a timely complaint with an EEO Counselor bars the court from further consideration of his complaint. *See, e.g. Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 796 (11th Cir. 1992); *National Cement Co. v. Federal Mine Safety and Health Review Commission*, 27 F.3d 526, 530 (11th Cir. 1994); *Calloway v. Partners National Health Plans*, 986 F.2d 446, 449 (11th Cir. 1993). As noted by one court "[i]n this circuit, 'a federal employee's unexcused failure to timely initiate an administrative discrimination complaint results in dismissal of the suit for failure to state a claim upon which relied may be granted.'" *Howell v. Department of the Army*, 975 F. Supp. 1293, 1300 (M.D. Ala. 1997) (citations omitted).

There are circumstances where the statute of limitations may be tolled. A court may allow an otherwise untimely complaint to proceed if the plaintiff can establish: (1) that he was not notified of the time limits and was not otherwise aware of them; (2) that he did not know and could not have known that the discriminatory matter or personnel action occurred; or (3) that despite due diligence he was prevented by circumstances beyond his or her control from contacting the counselor within the time limits. 29 C.F.R. § 1614.105 (a)(2); *Baker v. Peters*, 145 F. Supp. 2d 1251, 1256 (M.D. Ala. 2000) (citing the standard); *Howard v. Henderson*, 112 F. Supp. 2d 1276, 1284 (M.D. Ala. 2000) (same); *see also Bailey v. United States Postal Service*, 203 F.3d 652, 655 (8th Cir. 2000). Plaintiff presents two arguments why the 45 day statute of limitations should be tolled. First, he alleges that he was not notified of all of the relevant information and, second, he contends that because the

claims were mediated, the defendant waived the applicable statute of limitations. The court will address each argument in turn.

Defendant contends that all of the alleged discriminatory conduct occurred between June 29, 1995, and November 25, 1998. It is undisputed that Plaintiff did not contact an EEO counselor until December 4, 2000. Following the defendant's timeline, over two years passed between the conduct and the complaint. Plaintiff disputes this chronology and argues that the November 25 date is "grossly misleading" because the defendant prevented him from obtaining accurate information from which he could determine whether he had a complaint.

In *Baker v. Peters*, the court noted the difficulty a plaintiff may face in pinpointing the exact amount of time discrimination begins and ends. 145 F. Supp. 2d 1251, 1256 (M.D. Ala. 2000). There the court held that "the limitations period could be delayed until [plaintiff] knew or reasonably should have known that such actions gave rise to a colorable claim of discrimination." *Id.*; *see also Bailey v. United States Postal Service* 208 F.3d 652, 655 (8th Cir. 2000)(holding that plaintiff's complaint will not be time-barred if she can show her failure to file in a timely fashion was the consequence of deliberate design by the defendant). Although the defendant's suggested November 25 deadline may be unreasonably soon, the court finds that the plaintiff had sufficient information to bring a claim by November 19, 1999 (Doc. #10, Pl. Exh. #7Z). On that date, Jo Guarino, a human resources specialist, responded to Plaintiff's voluminous charges (Doc. #10, P. Exh. #6Z). Ms. Guarino's records indicate that she conducted a thorough investigation of his claims. (Doc. #10, Pl. Exh. #7Z). Plaintiff subsequently delayed over a year in filing a complaint

with the EEO. Therefore the court finds that the plaintiff had sufficient knowledge that such actions "gave rise to a colorable claim of discrimination" over a year before he contacted the EEO and denies the plaintiff's request to toll the statute of limitations. *Peters*, 145 F. Supp. 2d at 1256.

Plaintiff also claims that his case should move forward because the case was mediated. Following the unsuccessful mediation, he contends that he he had the right to file a notice of appeal within fifteen days and that in that appeal he was entitled to raise all claims raised prior to the mediation. Just as submitting to mediation does not waive the rights of the plaintiff, when a defendant mediates a claim it does not waive its rights. *See Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 83 (D.D.C. 2000) (citing *Howell v. Dept. of the Army*, 975 F. Supp. 1293 (M.D. Ala. 1997) ("An appearance at a mediation session did not prejudice the plaintiff, nor did it prejudice the rights of the plaintiff, nor did it deprive him of any opportunity he would have enjoyed. Thus, the defendant's participation in mediation did not waive its staute of limitations defense."). The court declines to penalize the defendant for mediating the dispute by holding that by attending mediation, it waived the statute of limitations. Likewise, the court finds the plaintiff's argument that the notice of his right to appeal gave him new rights to be unpersuasive. The letter the plaintiff refers to gave him the opportunity to file complaints about the mediation process and previous issues but it did not amount to a *tabula rasa* that is a document which would allow the plaintiff to raise his claim anew without any of the previous problems.

7

In conclusion, the court grants summary judgment in favor of the defendant due to the plaintiff's untimely complaint and his failure to establish circumstances which would justify tolling the statute of limitations pursuant to 29 C.F.R. § 1614.105(a)(2).

**V.   Conclusion**

The court will enter an appropriate order in accordance with this memorandum of opinion.

Done, this 10th of January, 2003.

                                                Edwin Nelson
                                         United States District Judge