UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM L. MONTGOMERY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-02-CO-01843-W |
| | ] |
| UNITED STATES POSTAL SERVICE, | ] |
| JOHN E. POTTER, POSTMASTER | ] |
| GENERAL, in his official capacity, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration plaintiff William L. Montgomery's motion for partial summary judgment (Doc. 41) and defendant U.S. Postmaster General John E. Potter's motion for summary judgment (Doc. 42). Both motions were filed with the Court on November 30, 2004. Mr. Montgomery has filed suit against the defendant for discrimination and retaliation[1] under the Age Discrimination in Employment Act of 1967

---

[1] On January 23, 2004, Plaintiff amended his complaint to add a cause of action for retaliation under the ADEA. (Doc. 36.) At this point, however, Plaintiff has conceded that he cannot produce evidence in support of his claim of retaliation and is agreeable to voluntarily dismissing the claim. (Doc. 46 at 11; Doc. 48 at 5.) Therefore, Plaintiff's claim of retaliation is dismissed and only Plaintiff's allegation of discrimination under the

("ADEA"), 29 U.S.C. § 621, *et seq*.  Both motions have been briefed by the parties and are now ripe for decision.  Upon full consideration, both Defendant's motion and Plaintiff's motion for summary judgment are due to be denied.

II.   Facts.[2]

Plaintiff William L. Montgomery was born on July 29, 1952.  He graduated from Northside High School in Samantha, Alabama, in 1970, and holds separate Bachelor of Science degrees in Chemistry and Chemical Engineering from the University of Alabama in Tuscaloosa, Alabama.

In October of 1994, Mr. Montgomery took the U.S. Postal Service's entrance examination for distribution and delivery positions.  He scored an 88.50 and received a rating of "eligible."  Mr. Montgomery was added to the U.S. Postal Service's "hiring registers" for the positions of clerk and carrier at the Fayette, Northport, and Tuscaloosa, Alabama, post office locations.  These were entrance level positions for which no experience was required and Mr. Montgomery met the physical requirements for the positions.

---

ADEA remains before this Court.

[2]These facts are gleaned from the parties' joint submission of "undisputed material facts."  (Doc. 46.)

A "register" is a system of records that contains applicant examination ratings, the results of an evaluation process, or both. The U.S. Postal Service uses registers as a source from which the Human Resources Department will compile a list of eligible applicants who are certified on a "hiring worksheet." This list of certified eligible applicants is then sent to selecting officials, who are responsible for determining job vacancies and selecting applicants for appointment to vacant positions at particular post office facilities. When filling a vacancy, the selecting official is required to select from among the three highest rated applicants on the appropriate register who are available for the type of appointment offered. It is the U.S. Postal Service's policy to screen applicants' eligibility and suitability before considering the applicant for appointment to any vacant position. Applicants who are found to be ineligible or unsuitable for employment are made inactive on the hiring register and are disqualified from consideration for employment.

Selecting officials are required to select applicants whose qualifications make them the "best fit" for the position being considered. In order to determine the "best fit," they must use the "rule of three." The "rule of

three" involves selecting from the three highest individuals on the hiring worksheet who are available for the vacant position.  If there is more than one opening, the next available individual listed on the register is considered in addition to the two eligible individuals not selected in filling the first vacancy.  An eligible individual who is considered and rejected three times for the same job category is not considered again for that particular position.  However, the eligible individual's name remains on the active register until he/she is considered and rejected three times for other job categories for which the register is used.  Completed hiring worksheets are signed by the selecting official and returned to the U.S. Postal Services Human Resources Department for auditing in order to ensure compliance with official procedures and regulations.

    Between the dates of June 20, 1995, and November 16, 1998, Plaintiff was certified as eligible and appeared on approximately nine hiring worksheets where he was in the group of top three candidates for eleven different positions.  Plaintiff was considered for these eleven positions but was not selected for any of them.  All of the candidates who were selected for those eleven positions were younger than the plaintiff.

III.     Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or

by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (quoting 29 U.S.C. § 623(a)(1)).  "When a plaintiff alleges disparate treatment, 'liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggens*, 507 U.S. 604 (1993)).  "That is, the plaintiff's age must have 'actually played a role in [the employer's

decisionmaking] process and had a determinative influence on the outcome.'" *Id*.

The Eleventh Circuit Court of Appeals, "as well as other courts of appeals, uses the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981), to evaluate ADEA claims that are based upon circumstantial evidence of discrimination." *Chapman*, 229 F.3d at 1024. Under the *McDonnell Douglas* framework, "the plaintiff has the initial burden of establishing a prima facie case of discrimination." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527–28 (11th Cir. 1997). "Establishment of the prima facie case in effect creates a *presumption* that the employer unlawfully discriminated against the employee." *Id*. at 1528 (quoting *Burdine*, 450 U.S. at 254). In this case, Defendant concedes that Plaintiff has produced evidence sufficient to establish a prima facie case of age discrimination under the ADEA. (Doc. 43 at 8; Doc. 47 at 1.) Therefore, the Court proceeds to the next step of the analysis.

"The effect of the presumption of discrimination created by establishment of the prima facie case is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action." *Combs*, 106 F.3d at 1528 (citing *McDonnell Douglas*, 411 U.S. at 802; *Burdine*, 450 U.S. at 254).  "To satisfy that burden of production, 'the defendant need not persuade the court that it was actually motivated by the proffered reasons.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Id.* (quoting *Burdine*, 450 U.S. at 254—55.) However, in order to meet his burden, the employer must produce "admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had *not* been motivated by discriminatory animus," *Id.* (quoting *Burdine*, 450 U.S. at 257), and "there must be 'evidence that [the] asserted reasons for discharge were *actually relied on*' or 'the reasons are not sufficient to meet the defendant's rebuttal burden,'" *IMPACT v. Firestone*, 893 F.2d 1189, 1194 (11th Cir. 1990) (quoting *Lee v. Russell County Bd. of Educ.*, 684 F.2d 769, 775 (11th Cir. 1982)) (emphasis added).    The parties dispute whether Defendant has met its burden of production in this case.

Defendant asserts that Plaintiff was not hired because he was not the "best fit" for the positions at issue and claims that its answers to interrogatories, sworn representations in briefs and reports to the Court, and governing regulations and procedures that require a selecting official to hire the person who is the "best fit" for a particular vacancy are sufficient evidence to rebut Plaintiff's prima facie case. (Doc. 43 at 8—10; Doc. 47.) Plaintiff argues that Defendant has not produced admissible evidence of a specific reason actually relied upon by decision-makers in this case. (Doc. 41 at 33—39; Doc. 48 at 6—13.)

In light of the Eleventh Circuit's interpretation of the requirements of *McDonnell Douglas* and *Burdine* in *IMPACT v. Firestone*, 893 F.2d 1189 (11th Cir. 1990), and *Walker v. Mortham*, 158 F.3d 1177 (11th Cir. 1998), and viewing the evidence in the light most favorable to the plaintiff, Defendant's production and assertion that others were hired instead of the plaintiff because they were the "best fit" for the position, without more, is not sufficient to rebut Plaintiff's prima facie case. Therefore, Defendant's motion for summary judgment must be denied.

Viewing the evidence in the light most favorable to the defendant, however, Plaintiff's motion for summary judgment should also be denied. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253. The defendant's intent in this case remains the "ultimate question," *Id.*, and that question is best resolved at trial.

V.   Conclusion.

For the reasons stated above, both Defendant's motion and Plaintiff's motion for summary judgment on Plaintiff's ADEA discrimination claim are DENIED. Upon agreement of both parties, Plaintiff's claim of retaliation under the ADEA is DISMISSED with prejudice. A separate order in conformity with this opinion will be entered.

Done this   9th   day of February 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE